798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aljean BENNETT, Appellant,
v.
Margaret H. HECKLER, Secretary of health and Human Services, Appellee.
 No. 85-1725.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1985.
Decided July 8, 1986.
As Corrected Aug. 21, 1986.
 
 Benjamin M. Mabry (Cromer & Mabry on brief), for appellant.
 Cheryl Nikonovich-Kahn, Assistant Regional Attorney, Department of Health and Human Services (Richard K. Willard, Acting Assistant Attorney General; Vinton D. Lide, United States Attorney; Bruce Granger, Regional Attorney; F. Allen McDonough, Chief, Social Security Disability, Litigation Branch, Region IV; Holly A. Grimes, Supervisory Attorney, on brief), for appellee.
 D.S.C.
 VACATED AND REMANDED
 Before WIDENER and SNEEDEN,* Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Aljean H. Bennett appeals from the district court's order affirming the Secretary's denial of disability insurance benefits. Since the ALJ's decision that the claimant could work an eight hour day is not supported by substantial evidence, and the claimant's uncontradicted medical evidence reveals that she suffers from one and probably two listed impairments, we vacate and remand to the district court for further remand to the Secretary with instructions to award benefits.
 
 
 2
 Aljean Bennett is 52 years old and has a two-year business college degree. Her last position was as a youth director for the Red Cross which required traveling to sixty-five schools in Richland County, South Carolina and setting up youth Red Cross programs. This position also involved working with and supervising groups of people.
 
 
 3
 Mrs. Bennett's health problems began in June 1981 when she was visiting her son in Germany. At that time, she collapsed from high blood pressure and was hospitalized. From the time she returned to the United States until the time of her hearing, a period of two years, the claimant was hospitalized nine times for her heart ailments and related, secondary problems. During this time, Mrs. Bennett underwent therapy with numerous medications, and required open-heart surgery for the replacement of a heart valve and cardiac catheterization. She has been treated by numerous heart specialists and has developed several related illnesses such as severe drug reactions, palpitations, anorexia (severe weight loss), nausea, malnutrition, bowel problems, fatigue, hypertension, vertigo (dizziness and disorientation), weakness, and blackouts. Mrs. Bennett also suffers from a spinal disorder, causing leg and lower back pain. Her heart disease has precluded surgery to relieve this ailment.
 
 
 4
 Mrs. Bennett's testimony, which is corroborated by her physician, was that her daily activities are severely limited. She is barely able to care for herself, has trouble climbing stairs, and goes nowhere outside the house other than to see her doctor. She does not cook or do household chores and has had to hire a maid. She engages in very few activities and has trouble concentrating for more than five minutes while reading. It is difficult for her to write, and she no longer drives or engages in any of her former hobbies. She also has difficulty talking to more than one person at a time or for more than a few minutes without tiring or experiencing heart palpitations. She is very weak and naps daily. She becomes exhausted after walking three-tenths of a mile, and, when she exercises, her heart pounds, she gets out of breath, and eventually blacks out.
 
 
 5
 At the hearing before the ALJ, a vocational expert testified that, based on her work and medical history, she is capable of sedentary work such as semi-skilled clerical jobs. Although recognizing that Mrs. Bennett "has severe residuals of mitral valve replacement," the ALJ found that she does not have a listed impairment. She went on to find that the claimant was precluded from her past relevant work. The ALJ further found that although Mrs. Bennett is not able to perform the full range of sedentary activities (she cannot perform those involving "excessive stress"), there are a significant number of jobs in the national economy she could perform. The ALJ concluded that plaintiff has not established that she is disabled and is therefore not entitled to benefits.
 
 
 6
 Significantly, the ALJ found that plaintiff had no condition which met or equaled a listed impairment in Appendix 1, Subpart P, 20 C.F.R. Part 404. She arrived at this conclusion in one sentence with no explanation of why the numerous physicians' reports in the record did not support the opposite conclusion.
 
 
 7
 The magistrate, in his report and recommendation, concluded that the claimant met her prima facie case under the regulations -and that the ALJ did not have substantial evidence to support her conclusions. The district court found, however, that the Secretary had substantial evidence to support her determination and affirmed the denial of benefits.
 
 
 8
 Once the ALJ found that the claimant was unable to perform her past relevant work, the burden shifted to the government to prove that she has the residual functional capacity for substantial gainful activity. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). Taking into account the claimant's age, education, and work experience, the government then had to prove that the claimant had the vocational qualifications to perform specific jobs available in the national economy. Id. See 20 C.F.R. Secs. 404.1520; 404.1561.
 
 
 9
 The ALJ found that although Mrs . Bennett was unab le to perform her former job as a youth director, given her age, education, and work skills, she was able to do certain sedentary jobs available in the national economy. There is no evidence in the record, however, that she could sit, stand, or walk for an eight hour work day, and at oral argument, despite some slight apparently conflicting opinions, the Secretary conceded that Mrs. Bennett could work only six hours a day. Consequently, the Secretary's conclusion that Mrs. Bennett could do sedentary work is not supported by substantial evidence and should be reversed. Lester v. Schweiker, 683 F.2d 838 (4th Cir. 1982).
 
 
 10
 In addition, the claimant's undisputed medical evidence reveals that her condition meets or equals at least one and probably two of the listed impairments in the Secretary's guidelines. See 20 C.F.R. Subpart P, Appendix 1, 4.03 (hypertensive vascular disease) and 4.05 (recurrent arrhythmias). The claimant's physicians consistently diagnosed her as having severe, life-threatening arrhythmias (uneven heart beat), with recurring episodes of cardiac syncope (loss of consciousness), on the basis of both physical examinations and ECG (EKG) test results as listed in 4.05. She also has suffered from hypertension and mitral valve disease for years, despite surgery to replace a valve and catheterization. Since the post-operative reports and hospital records as late as 1 1/2 years after surgery reflect little, if any, improvement, see 4.00(J) (evaluation of major surgical procedures), and the claimant ' § medical evidence of heart disease is at least equal in severity and duration to the listed impairment in 4.03 (see 4.02(C) ), she probably also equals this listed impairment. See 20 C.F.R. 5 404.1526(a) (how medical equivalence is determined).
 
 
 11
 In view of the fact that the record supports only the conclusion that Mrs. Bennett cannot work more than six hours at a time and for the equally good but alternate reason that her condition meets at least one and probably two of the Secretary's listed impairments, the judgment of the district court must be vacated and the case remanded to the district court for further remand to the Secretary with instructions to award benefits.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Emory M. Sneeden resigned from the court before this case was decided. He did not participate in the decision